IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROMAINE S. SCOTT, III, }<br>}<br>    Plaintiff and counter- }<br>    defendant, }<br>}<br>v. }<br>}<br>MOREQUITY, INC., }<br>}<br>    Defendant and }<br>    counterclaimant. } | CIVIL ACTION NO.<br>09-AR-1870-S |

## **MEMORANDUM OPINION**

Plaintiff, Romaine S. Scott, III ("Scott"), has moved for a remand of the above-styled action to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, MorEquity, Inc., ("MorEquity"), based on 28 U.S.C. § 1332. There is no dispute about the existence of the complete diversity of citizenship necessary for a § 1332 removal. The dispute is over whether MorEquity has proven the jurisdictional requirement of $75,000 in controversy, an issue upon which MorEquity has the burden. Only if this court has subject-matter jurisdiction will this court have to deal with MorEquity's counterclaim filed with its answer.

Scott's state court complaint seeks an unstated amount of damages, both actual and punitive, for alleged tortious conduct by MorEquity in what Scott describes as the unlawful foreclosure of a mortgage on real property owned by Scott. Scott's theory of wrongful foreclosure is premised on an alleged agreement by and

between the parties, pursuant to which a deed in lieu of foreclosure was executed and recorded by Scott prior to the foreclosure sale.

Scott engages in artful pleading.  He conspicuously does not seek a declaration that his deed in lieu of foreclosure had the effect of releasing him from liability for a deficiency, namely, the difference between the amount bid by MorEquity at the foreclosure sale and the balance on Scott's promissory note secured by the mortgage, but it clearly appears that Scott's tort claims depend on their viability on the effectiveness of the deed in lieu of foreclosure as a cancellation of the debt.  Scott does not expressly seek a cancellation of debt, but in his answer to MorEquity's counterclaim, he pleads "accord and satisfaction".  This can be described as a Freudian slip.  Not explicit, but both implicit and vital to Scott's original complaint is the elimination of any claim for a deficiency, which if it still exists, will clearly exceed $75,000.  This is not speculation, but simply arithmetic and logical deduction from Scott's own complaint, even though he may have tried to disguise it.

Under the circumstances the motion to remand will be DENIED.

DONE this 29th day of October, 2009.

```
                               _____
                               WILLIAM M. ACKER, JR.
                               UNITED STATES DISTRICT JUDGE
```